UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANK REGINALD WALL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STAETS DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-00043-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The federal defendants – the United States Department of Agriculture, the United States Forest Service, the Kootenai National Forest, and David E. Schmid, Christopher S. Savage, and Lynn Hagarty in their official capacities as Forest Service employees – move to dismiss the case, or, in the alternative, to transfer it to the District of Montana. *See* Dkt. 16. The non-federal defendants – including Klepfer Mining Services, Eric Gregory Klepfer, Mines Management, Inc. ("MMI"), MMI CEO Glenn M. Dobbs, MMI president & secretary Douglas D. Dobbs, MMI Directors & MMI Officers Inclusive, and Montanore Minerals Corporation, Montanore Project in Lincoln & Sanders County, Montana, All Real, Financial, Intellectual Assets held By MMI, MMC and Newhi, Inc., and all Defendants listed in Plaintiff's complaint under superscript "4" – have also moved for dismissal. *See* Dkt. 8. For the reasons expressed below, the Court will transfer this case to the District of Montana.

## BACKGROUND

Pro se Plaintiff Frank Wall is seeking to prevent the non-federal defendants from mining certain property located in Montana. He seeks an injunction (1) preventing the Forest Service from issuing a Record of Decision related to the mining project, and (2) freezing the assets of all non-federal defendants "except essential cash-flow to 'keep the doors open.'" *Compl.*, Dkt. 1, at 5. Wall also seeks damages "in a modest eight-figure USD sum . . . ." as well as "an estoppel against Defendants' attorneys and the Defendants' legal gamesmanship as in the past nine years, . . . ." *Id.* at 5. Wall does not allege that he owns any of the property at issue, or any related mining claims or patents. *See, e.g., Compl., Ex. B., at 135 of 650*. Wall also suggests that his dissatisfaction with the Montana proceedings motivated this action. As he puts it,

> WALL alleges being unfairly and maliciously treated in the Montana
> State District Court and in the Missoula Federal District Court. This
> litigation gives a "clean sheet" approach with "the rest of the story"
> and obviates any lawyer gamesmanship, delays and confusion
> caused by the Non- Federal Defendants . . . .

*Pl.'s Apr. 18, 2016 "Final Answer to Non-Federal Defendants' Motion to Dismiss,* Dkt. 27, at 3.

It is difficult to precisely or completely identify Wall's legal theories, but in broad strokes, he is contending that defendants have violated his "civil and Constitutional rights," including his Fifth and Fourteenth Amendment rights. *See id.* at 3, 13, 14-15.

Both sets of defendants move to dismiss Wall's complaint under Federal Rule of Civil Procedure 12(b)(6). The non-federal defendants also challenged this Court's subject-matter jurisdiction under Rule 12(b)(1). The federal defendants have also moved,

in the alternative, for an order transferring this case to the District of Montana and consolidating it with a case currently pending in that court.

ANALYSIS

**1.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

The non-federal defendants contend that this Court lacks subject-matter jurisdiction over Wall's claim based on the fact that the criminal statutes Wall relies upon – 18 U.S.C. §§ 241, 242, and 245 – do not create private rights of action. *See Non-Federal Defendants' Motion Memo,* Dkt. 8-1 at 11 ("It is well settled that no private right of action is created by any of these statutes."). This may be so, but the Court nevertheless has jurisdiction to adjudicate Wall's claims. In other words, defendants are raising a defect regarding the merits of Wall's claims – not a jurisdictional defect. *Cf. Vaughn v. Bay Environmental Mgmt., Inc.*, 567 F. 3d 1021, 2014 (9th Cir. 2009) (discussing an ERISA claim, the court held that a "dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction.")

**2.     Motion to Change Venue**

Having decided subject matter jurisdiction, the Court will resolve the government's request that this case be transferred to the District of Montana. This request is made pursuant to 18 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

When considering a motion to transfer venue under this section, a court must weigh multiple factors, which could include, but are not limited to, the following:

(1) the location where the relevant agreements were negotiated and executed;

(2) the state that is most familiar with the governing law;

(3) the plaintiff's choice of forum;

(4) the respective parties' contacts with the forum;

(5) the contacts relating to the plaintiff's cause of action in the chosen forum;

(6) the ease of access to sources of proof;

(7) the differences in the costs of litigation in the two forums; and

(8) the availability of compulsory process to compel attendance of unwilling non-party witnesses.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). This balancing test is completed on a case-by-case basis, with different weight afforded to each of the elements in accordance with the unique circumstances of each case. *Id.* While district courts are given broad discretion in deciding whether a transfer is appropriate, the moving party bears the burden of showing why a transfer is merited. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

In addition to the factors discussed above, these public-interest factors may also be considered: (1) congestion in this Court as compared to congestion in the District of Montana; (2) the "'local interest in having localized controversies decided at home;'" and (3) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Decker,*
**MEMORANDUM DECISION AND ORDER - 4**

805 F.2d at 843 (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

The Court has considered all factors relevant to this lawsuit, and has concluded that three factors, in particular, weigh heavily in favor of a transfer. These factors are (1) (1) the location where the bulk of claim arose; (2) the importance of having localized controversies decided at home; and (3) Court congestion and delay.

**A. The Location of the Claim.**

It is beyond dispute that the Walls' claims are centered in Montana. The mining project is in Montana, the disputed mining claims are located in Montana, and the challenged government decision relates to real property in Montana. It does not appear that Idaho is connected to the litigation in any way. This factor thus supports a transfer. *See, e.g., Sierra Club v. Flowers*, 276 F. Supp.2d 62, 67-68, 70-71 (D.D.C. 2003) (transferring NEPA claim to Florida, where the ecosystem was located; *Airport Working Grp. Of Orange Cty. Inc. v. U.S. Dep't of Defense*, 226 F. Supp.2d 227, 230 (D.D.C. 2002) (similar holding).

**B.     The Importance of Deciding Localized Controversies at Home.**

A dispute concerning a mining project in Montana logically should be decided in the District of Montana – particularly where the parties to this lawsuit have already engaged in litigation in the Montana courts on that subject matter.

**C.     Court Congestion and Delay.**

As for Court congestion and delay, the parties have not provided the Court with statistical information. Broadly speaking, however, this Court is operating with a single Article III judge and an extraordinarily congested docket. But even assuming that both

courts had equal caseloads, it would still be more efficient to have this matter litigated in Montana. The parties have already been engaged in litigation in Montana regarding the subject matter of this lawsuit – meaning that the District of Montana will undoubtedly be able to familiarize itself with, and resolve, this action more quickly than this Court could. Indeed, the government suggests that this case should be immediately consolidated with another, pending case. *See Federal Defendants' Motion Mem.*, Dkt. 16-1, at 13 (indicating that, if transferred, Wall's action should be consolidated with *Save our Cabinets, et al. v. U.S. Fish & Wildlife Serv.*, Case No. 15-CV-069-M-DWM (D. Mont.). This Court will not order consolidation, but will instead leave that question to judge presiding over the federal district case in Montana. Nevertheless, given this sort of background, the District of Montana is in the best position to fairly and thoroughly evaluate plaintiffs' complaint.

## ORDER

**IT IS ORDERED that** the Federal Defendants' Motion to Dismiss or, in the Alternative, to Change Venue (Dkt. 8) is GRANTED IN PART. Specifically, the motion is granted to extent that the Federal Defendants' request to change venue is granted. The Clerk of Court is therefore directed to immediately transfer this action to the District of Montana and close this file.

 DATED: September 12, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court