IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FRANK REGINALD WALL, | CV 16–118–M–DLC |
| Plaintiffs, | |
| vs. | ORDER |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | |
| Defendants. | |

Before the Court are the following ripe motions: (1) Plaintiff Frank

Reginald Wall's ("Wall") motion for leave to file an amended complaint; (2) the

motion to consolidate of the United States Department of Agriculture, the United

States Forest Service, the Kootenai National Forest Service, and David E. Schmid,

Christopher S. Savage, and Lynn Hagarty in their official capacities as Forest

Service employees (collectively litigating as the "Federal Defendants") with *Save

Our Cabinets*—a pending case in front of the Honorable Donald W. Molloy

wherein all of the challenges concerning the propriety of the Kootenai National

Forest's Montanore Project decision will be considered (*See Save Our Cabinets, et

al. v. U.S. Fish & Wildlife Serv.*, Cause No. CV-15-069-M-DWM); (3) the motion

to dismiss of the Federal Defendants; and (4) the motion to dismiss of Klepfer Mining Services, Eric Gregory Klepfer, Mines Management, Inc. ("MMI"), MMI CEO Glenn M. Dobbs, MMI president and secretary Douglas D. Dobbs, MMI Directors & MMI Officers Inclusive, Montanore Minerals Corporation ("MMC"), Montanore Project in Lincoln & Sanders County, Montana, All Real, Financial, Intellectual Assets held by MMI, MMC, and Newhi, Inc., and all Defendants listed in Plaintiff's complaint under superscript "4" (collectively litigating as the "Non-Federal Defendants"). For the reasons explained below, the Court denies Wall's motion for leave to file an amended complaint, denies the motion to consolidate, and grants the motions to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

For purposes of Defendants' motions to dismiss, "[a]ll factual allegations set forth in the [C]omplaint are taken as true and construed in the light most favorable to [Plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

On January 27, 2016, Wall initiated this case and sought relief from the United States District Court for the District of Idaho. (Doc. 1.) Wall is proceeding *pro se* in this matter and while his complaint ("original complaint") is not a model of clarity, it is clear that Wall alleges constitutional violations

regarding his alleged interest in the Montanore mining project near Libby,

Montana. (Doc. 1 at 4, 8–11.) His original complaint further seeks the following

additional relief:

(1)     an order preventing the United States Forest Service from issuing a

        record of decision related to the Montanore mining project;

(2)     a freeze of the assets of the Non-Federal Defendants;

(3)     an order enjoining the Defendants' attorneys from "legal

        gamesmanship"; and

(4)     damages for Defendants' alleged interference with his business

        expectancies.

(Doc. 1 at 5.) All of Wall's grievances stem from the Montanore Mineral

Corporation condemnation suit in 2013, a matter this Court is very familiar with.

*See Montanore Mineral Corp v. Easements and Rights of Way, et. al*, Cause No.

CV-13-133-M-DLC (currently on appeal to the Ninth Circuit Court of Appeals).

As stated, this Court is intimately familiar with that case, as it held a hearing with

a three-member commission to determine the condemnation of the easements and

rights of way through unpatented mining claims in connection with Montanore's

mining activities.

Based on Wall's original complaint, the Federal Defendants moved to

dismiss the case, or, in the alternative, to transfer it to the District of Montana. (Doc. 16.) The Non-Federal Defendants have also moved for dismissal. (Doc. 8.)

Wall first amended his complaint on March 14, 2016 ("first amended complaint"). (Doc. 19.) He then moved for leave to file an amended complaint ("second amended complaint") (Docs. 29; 30), which Defendants oppose (Doc. 31). Wall contends that his first amended complaint "inadventently omitted" Defendants from the case. Wall claims he intended to name various holders of patented mining claims and financiers of MMI, including Martin Schlaff, as additional Non-Federal Defendants. The Federal Defendants object to Wall's motion to amend his first amended complaint on the grounds that it is procedurally improper, but do not object to the inclusion of Martin Schlaff as a party provided that Wall also submits his entire amended pleading with his motion. (Doc. 31.) Wall has not submitted a complete second amended complaint. However, Wall replied to the Federal Defendants' response, claiming their objections were frivolous and urged the Court to grant leave pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Doc. 32 at 3–4.)

The United States District Court for the District of Idaho ruled on the motion to transfer, and transferred the case to this Court in the District of Montana on September 12, 2016. (Doc. 37.) Wall's motion for a preliminary injunction

regarding MMI's board meeting and potential merger was immediately ripe, as the meeting was set to be held on September 12, 2016. (Doc. 36.) This Court denied Wall's motion for an injunction. (Doc. 39.)

The Court will now address the remaining motions.

## LEGAL STANDARDS

Rule 42(a)(2) of the Federal Rules of Civil Procedure permits courts to consolidate actions before it if the actions involve common questions of law or fact. Where there is common question of fact or law, cases may be joined in the interests of efficiency, but consolidation is by no means a necessity. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 848 (9th Cir. 2016). Cases involving the same factual and legal questions may be consolidated, but that is within the discretion of the trial judge. *Id.*

"A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003)). In assessing whether leave to amend is proper, courts consider several factors including "undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Either by motion or on its own, a court should dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure if it determines it does not have "power to hear the case." *Morrison v. Natl. Australia Bank. Ltd.*, 561 U.S. 247, 254 (2010) (citations omitted). Where the attack on a plaintiff's jurisdictional averments is "facial," i.e. the movant "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction," a district court reviews the motion as it would a motion to dismiss for failure to state a claim. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citations and internal quotation marks omitted).

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts generally limit their considerations under this standard to the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–559 (2007). Those allegations are accepted as true and viewed in a light most favorable

to the plaintiff.  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).  This plausible pleading standard is adhered to by federal courts, as is the general rules of pleading that require a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).  Thus, plaintiffs must include enough facts in their complaint to make it plausible, not merely possible or conceivable, that they will be able to prove facts to support their claims.  *Twombly*, 550 U.S. at 555–556.

### ANALYSIS

Before turning to the merits of Defendants' motions to dismiss, the Court must first determine if the case should be consolidated with another case before the United States District Court for the District of Montana, *Save Our Cabinets, et. al. v. U.S. Fish & Wildlife Serv.*, Cause No. CV-15-069-M-DWM.

**I.    Consolidation with *Save Our Cabinets*.**

Upon review of Wall's complaint and subsequent motions for injunctive relief, the Court determines that the Wall's claims and the claims in *Save Our*

*Cabinets* do not involve common questions of law and should not be consolidated pursuant to Federal Rule of Civil Procedure 42(a)(2). It would be more burdensome and inefficient to combine Wall's alleged constitutional claims with the environmental claims in *Save Our Cabinet*s.

## II.    Wall's Motion for Leave to Amend his Complaint.

Wall's motion to amend his complaint a second time is futile and does not set out justifiable reasons to support leave to amend. Instead, Wall uses this motion to reiterate his contentions in his original complaint that Defendants continually "forum-shop" and "confuse the issues of record." (Doc. 30 at 3.) This Court is unclear which Defendants Wall is referring to. Regardless, Wall states in his own words that he has a "roster of responsible parties in his Complaint." *Id*. Indeed, Wall's original complaint lists an entire page of additional defendants. (*See* Doc. 1 at 2, superscript 4.) However, Wall provides a laundry list of potential defendants in a futile attempt to find someone to sue, as opposed to actually alleging a concrete, cognizable claim against a specific defendant. Therefore, his argument that he failed to accurately name proper Defendants in his original complaint is not persuasive.

Further, the Federal Defendants oppose Wall's motion insofar as it adds to, changes, revises, modifies, or expands his claims. (Doc. 31 at 2.) Reviewing

Wall's second amended complaint liberally, this Court finds that it only expands

upon the allegations in the original complaint. Wall's supporting brief does not

present newly discovered evidence or any other justifiable reason to grant his

motion. The motion instead acts as a re-hash of the same arguments that should

have been included in his original complaint. Therefore, Wall has not shown good

cause to grant his leave to file a second amended complaint. Consequently, this

Court will only consider Wall's original complaint and first amended complaint in

regards to the motions to dismiss.

**III.    The Federal and Non-Federal Defendants' Motions to Dismiss.**

In large part, Wall's 19-page original complaint merely restates his

arguments in opposition to the Montanore mining project. Specifically, his request

for an injunction and monetary relief stems from his disapproval of the mine and

MMI's presence in and around Libby, Montana. While he contends he has

standing to bring his claim as "a stakeholder in the outcome of all ongoing

litigation," Wall neither owns nor possess any real property, mining claim, or any

legally cognizable interest that has been or could be impacted in any way by the

Montanore project. (Doc. 1 at 9.) Wall lives in Athol, Idaho and is a citizen of

Idaho. His only potential claim to the Montanore mining project is his supposed

principal-agent relationship with related parties in the preceding condemnation

action (i.e. Arnie Bakie, Walter Lindsey, and Libby Creek Ventures). (Doc. 8-1 at 4.) The Court cannot find any reliable evidence within Wall's exhibits that shows this principal-agent relationship actually exists. Nonetheless, even if it does, his interests are being adequately represented by the principals in their ongoing appeal to the Ninth Circuit.

As to the merits of the motions to dismiss, under the plausible pleading standard, Wall's original complaint does not allege plausible grounds to infer any named Defendant interfered with his constitutional rights. Wall's first amended complaint, which could be viewed as simply a response to the Federal and Non-Federal Defendants' motions to dismiss, attempts to overcome his original complaint's deficiencies by contending that "[w]hen the Federal Defendants answer [his] Complaint, [he] will be in a position to . . . fully identify each Defendants' actions in [his] Complaint." (Doc. 19 at 3.) The pleading stage is not designed for plaintiffs to make unfounded claims in order to determine potential legitimate claims once a defendant answers. Plaintiffs must plead plausible legal claims at the outset.

Under *Twombly*, those plausible legal contentions must be more than mere conclusory allegations. 550 U.S. at 556. Wall contends that his "bas[e]s of fact are empirical, historical facts and events, and are not 'conclusory.'" (Doc. 19 at 23.)

Yet, his original complaint is devoted exclusively to allegations that his constitutional rights have been violated in some way, but it lacks specific facts that make it possible for an alleged due process violation to survive. Wall lists three ways he believes a constitutional violation occurred: (1) a conspiracy against his rights; (2) a deprivation of his rights under color of the law; and (3) an infringement on his federally protected activities. (See Doc. 1 at 13–15, sections I., II., and III.) Wall further contends that MMI used delay tactics to keep Wall away from the Montanore mining project. All of his claims are conclusory because his contentions are merely explained with boilerplate statutory and constitutional language, with no facts supporting these generic constitutional violations. The only facts Wall pleads are those relating to the Montanore condemnation suit. Thus, he has not set forth any additional facts to make a Fifth or Fourteenth Amendment due process claim plausible.

Even under a lower possible or conceivable pleading standard, Wall's complaint fails. Wall's burden under the Federal Rule of Civil Procedure 8(a)(2) is to plead, at the very minimum, a mere hint of a valid claim showing he is entitled to relief. Again, the Court cannot identify any legitimate constitutional claim in Wall's complaint that would entitle him to possible relief.

Simply put, Wall's complaint is a disgruntled response to the final

determination of the Montanore condemnation suit in 2013. The Court understands

that Wall may not agree with the outcome of that case, but initiating unfounded

constitutional claims in federal court is not a solution. The proper place to address

his concerns with the Montanore mining project's condemnation of the unpatented

mining claims is in the appeal of that case to the Ninth Circuit, and those concerns

must be presented by parties with standing in that action.

Accordingly, IT IS ORDERED that:

(1)    Wall's motion for leave to amend his complaint (Doc. 29) is DENIED.

(2)    The Federal Defendants' motion to dismiss (Doc. 16) is GRANTED.

(3)    Non-Federal Defendants' motion to dismiss (Doc. 8) is GRANTED.

(4)    This case is CLOSED.

DATED this 5th day of October, 2016.

Dana L. Christensen, Chief District Judge
United States District Court